IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOAN HUGHES,<br><br>　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>　　　Defendant. | Civil Action No. 5:07CV00109<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Joan Hughes, filed this diversity action against Bank of America on November 28, 2007. The case is presently before the court on Bank of America's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant the defendant's motion to dismiss. However, the plaintiff will be granted leave to file an amended complaint.

## Background

The following facts, which are taken from the plaintiff's complaint, are accepted as true for purposes of the defendant's motion to dismiss. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-218 (4th Cir. 1994).

On June 24, 2006, the plaintiff qualified to be the executor of the estate of her deceased mother, Arlena Barnhart. The plaintiff is also a beneficiary of her mother's estate. The plaintiff alleges that between June 24, 2006 and October 26, 2007, the defendant "possessed . . . funds to the exclusion of the plaintiff," and that "[o]n October 26, 2007, the plaintiff made a final demand to the defendant for all funds in the estate of Arlena Barnhart." (Compl. at ¶ 7-8). The plaintiff further alleges that "[n]otwithstanding said demand, the defendant removed, or allowed to be removed, the funds from said account and transferred said funds to an unknown location." (Compl. at ¶ 11).

Based on the foregoing allegations, the plaintiff seeks relief under the following causes of action: conversion (Count I); breach of fiduciary duty (Count II); negligence (Count III); and willful and wanton conduct (Count IV).[1] On December 19, 2007, the defendant filed the instant motion to dismiss, to which the plaintiff did not file a response. The court held a hearing on the defendant's motion on March 24, 2008.

## Discussion

The defendants have moved to dismiss the plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"; such motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal citations omitted). When reviewing a claim pursuant to Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007). Instead, assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id. at 1965.

---

[1] The court notes that although the plaintiff alleges that she is the executor of her mother's estate, the plaintiff filed this complaint in her individual capacity. Nonetheless, for the reasons stated infra, the court concludes that even in her capacity as executor, the plaintiff has failed to state a claim upon which relief may be granted.

2

I.  **Conversion**

The plaintiff first asserts a claim for conversion. Under Virginia law, which governs this diversity action, conversion is defined as "the wrongful assumption or right of ownership over goods or chattels belonging to another in denial or inconsistent with the owner's rights." Economopoulos v. Kolaitis, 528 S.E.2d 714, 719 (Va. 2000). To maintain an action for conversion, a plaintiff must have a property interest in and be entitled to the immediate possession of the item alleged to have been wrongfully converted. Id. In this case, the plaintiff alleges that she is the "owner" of the funds in the bank account, and that she has a "superior possessory right to the . . . funds." (Compl. at ¶ 14). However, the general rule is that once funds are deposited in a bank account, the funds become the property of the bank, and the bank becomes the debtor of the depositor. Bernardini v. Central Nat'l Bank, 290 S.E.2d 863, 864 (Va. 1982). In light of this rule, the court concludes that the plaintiff's conclusory allegations are insufficient to state a claim for conversion. Accordingly, the court will grant the defendant's motion with respect to this claim.

II.  **Breach of Fiduciary Duty**

The plaintiff next asserts a claim for breach of fiduciary duty. Having reviewed the complaint, the court agrees with the defendant that the plaintiff's allegations, at most, suggest that a contractual debtor-creditor relationship exists between the plaintiff and the defendant, and it is well established that no fiduciary duties arise from such relationship. See Deal's Adm'r v. Merchants and Mechanics Savings Bank, 91 S.E. 135, 135 (Va. 1936) ("The relation between a bank and a depositor is that of debtor and creditor. The deposit creates an ordinary debt, not a privilege or right of a fiduciary character."); see also Matthews v. Bank of America, 2006 U.S.

3

Dist. LEXIS 41052, at *16 (E.D. Va. June 20, 2006) (granting defendant's motion to dismiss on the basis that plaintiffs failed to establish that a fiduciary relationship existed "merely because plaintiffs had one or more accounts with defendant"); Comeaux v. First Union National Bank, 55 Va. Cir. 181, 183 (Richmond Cir. 2001) (sustaining a demurrer as to plaintiff's breach of fiduciary duty claim, since plaintiff "pled facts that only establish a debtor-creditor relationship and nothing more"). Thus, because the plaintiff's allegations fail to establish the existence of a fiduciary relationship between the plaintiff and the defendant, Count II is also subject to dismissal.

### III. Negligence and Willful and Wanton Conduct

Counts III and IV appear to assert claims for ordinary negligence and willful and wanton negligence. To maintain an action for negligence under Virginia law, a plaintiff "must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." Delk v. Columbia/HCA Healthcare Corp., 523 S.E.2d 826, 830 (Va. 2000). Additionally, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of [a] contract." Foreign Mission Board v. Wade, 409 S.E.2d 144, 148 (Va. 1991). As previously stated, the allegations in the plaintiff's complaint, at most, suggest that a contractual relationship exists between the plaintiff and the defendant. Because the complaint is devoid of any factual allegations that establish the existence of a common law duty on the part of the defendant, Counts III and IV must be dismissed.

### Conclusion

For the reasons stated, the court will grant the defendant's Rule 12(b)(6) motion. However, as discussed during the hearing on the defendant's motion, the plaintiff has ten days

4

from the date of the hearing to file an amended complaint, which names the proper plaintiff and asserts a viable cause of action.[2]

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to all counsel of record.

ENTER: This  31st  day of March, 2008.

/s/ Glen Conrad
United States District Judge

---

[2] The court notes that the ten-day period will expire on April 7, 2008. See Fed. R. Civ. P. 6(a).