CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 26 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOAN HUGHES, ) | Civil Action No. 5:07CV00109 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| BANK OF AMERICA, ) | United States District Judge |
| ) | |
| Defendant. ) | |

This diversity action is presently before the court on the defendant's motion to dismiss the plaintiff's second amended complaint pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court will grant the defendant's motion to dismiss.

## BACKGROUND

On June 24, 2006, the plaintiff, Joan Hughes, qualified to be the Executrix of the estate of her deceased mother, Arlena Barnhart. Hughes, a resident of Harrisonburg, Virginia, is also a beneficiary of her mother's estate, along with her sister, Jean Skorupa. The defendant, Bank of America ("the Bank"), is a North Carolina corporation.

In her second amended complaint, Hughes, in her capacity as Executrix of the Estate of Arlena Barnhart, alleges that the Bank transferred estate funds into an account named "Estate of Arlena Barnhart," without her authority, and that the Bank has prevented Hughes from accessing the funds, despite her oral and written demands. Consequently, Hughes alleges that she has been unable to settle her mother's estate. Hughes believes that the amount of the funds held by the Bank is over $101,000.00.

Hughes further alleges that between July 24, 2006 and October 26, 2007, the Bank facilitated various unauthorized payment orders to and from the Estate of Arlena Barnhart without Hughes' knowledge, and that unauthorized certificates of deposit were sold to the Estate by the defendant without notice to, or authority from, Hughes. Additionally, Hughes alleges that charges and withdrawals were made by the Bank without her authorization.

Based on the foregoing, Hughes now asserts a claim for breach of contract. Specifically, Hughes alleges that the Bank breached its contract with the Estate of Arlena Barnhart by: (1) failing to acknowledge Hughes as the Executor of the Estate; (2) failing to turn over Estate funds in excess of $101,000.00; (3) failing to make an accounting of the funds belonging to the Estate; (4) failing to require proper identification at the time of any account opening in the name of the Estate; and (5) failing to obtain proper authorization for the sales of certificates of deposit it sold to the Estate.

Bank of America has now moved to dismiss the complaint, pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, for failure to join all of the required parties. Specifically, the Bank argues that Lytle Title & Escrow LLC ("Lytle Title") and Jean Skorupa, Hughes' sister, are required parties to this action, and that the joinder of these parties is not feasible, because it would deprive the court of diversity jurisdiction. Additionally, the Bank argues that proceeding without these required parties would be inefficient, that the plaintiff would suffer no prejudice if the court dismisses the case, and that permitting the case to proceed could result in severe prejudice to the required parties as well as the possibility of double liability for the Bank. Thus, the Bank maintains that the case should be dismissed.

## STANDARD OF REVIEW

A court may dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(7) "for failure to join a party in accordance with Rule 19." Register v. Cameron & Barkley Co., 467 F. Supp. 2d 519, 530 (D.S.C. 2006); Fed. R. Civ. P. 12(b)(7). The Bank bears the burden of showing that Hughes has failed to join a required party. R-Delight Holding LLC v. Anders, 246 F.R.D. 496, 499 (D. Md. 2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2007)). "To satisfy this burden, [the plaintiff] may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies." Id.

When deciding a motion under Rule 12(b)(7), the court must first determine whether the absent party should be joined as a necessary party in accordance with the criteria set forth in Rule 19(a)(1). RPR & Associates v. O'Brien/Atkins Associates, P.A., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995). This Rule states that a party is "required" to be joined if:

- (A)  in that person's absence, the court cannot accord complete relief among existing parties; or

- (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    - (i)  as a practical matter impair or impede the person's ability to protect the interest; or

    - (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court determines that an absent party must indeed be joined as a necessary party,

3

but that such joinder would not be feasible, the court must then consider "whether the proceeding can continue in its absence, or whether [the party] is indispensable pursuant to Rule 19(b) and the action must be dismissed." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). Federal Rule of Civil Procedure 19(b) sets forth the following equitable factors for courts to consider in making this determination:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

 (A) protective provisions in the judgment;
 (B) shaping the relief; or
 (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

## DISCUSSION

In support of its motion, the Bank contends that the funds at issue in this case consist of proceeds from the sale of the home of Arlena Barnhart and that these proceeds are being held in trust by Lytle Title. The Bank has submitted an affidavit from Connie Thomas, a Lytle Title employee. According to Thomas' affidavit, Lytle Title performed the closing on the sale of the house, and held the proceeds from the sale (approximately $162,879.83) in trust. Thomas also states that, in accordance with the instructions and agreement of Hughes and Skorupa, the beneficiaries of their mother's estate, Lytle Title used the proceeds from the sale to purchase a certificate of deposit from Bank of America on or about January 12, 2007. On or about August

4

24, 2007, again in accordance with instructions received from the sisters' respective counsel, Lytle Title then transferred $64,834.00 from the certificate of deposit. Lytle Title distributed $30,000.00 to each of the sisters, per their agreement, and the remainder of the transferred amount was retained in Lytle Title's trust account.

Thomas states that, on or about October 10, 2007, Lytle Title received further instructions to redeem the remainder of the certificate of deposit with the intent that the balance would be distributed in equal shares to Hughes and Skorupa. Lytle Title did redeem the remainder of the certificate of deposit, and deposited the proceeds in the amount of $101,154.33 into Lytle Title's trust account with Bank of America for purposes of the expected distribution. Before it could distribute the funds, however, Lytle Title learned that Hughes did not agree to have the funds distributed equally between herself and her sister. Thomas further alleges, upon information and belief, that Skorupa continues to maintain that the funds should be equally distributed.

Based upon the facts asserted by Thomas in her affidavit, the Bank now contends that, through this action, the plaintiff is seeking payment from the Bank of funds held in a trust account which is owned by its customer, Lytle Title, and with respect to which Skorupa also asserts rights. As a result, the Bank argues that the court cannot resolve the issues concerning these funds without Skorupa and Lytle Title being made parties. The Bank argues that any effort to do so would: (1) fail to resolve many issues relating to the money; (2) impede Lytle Title and Skorupa's ability to protect their interests; and (3) potentially subject the Bank to double or triple liability with respect to the disputed funds. For these reasons, the Bank argues that Lytle Title and Skorupa are required parties under Rule 19(a).

Hughes has also submitted an affidavit in response to the Bank's motion. In that

5

affidavit, the plaintiff does not specifically dispute any of the facts asserted by Thomas with regard to Lytle Title's interest in the account. Instead, Hughes simply alleges that the funds belong to the Estate of Arlena Barnhart, that she never provided the Bank with permission to exercise dominion or control over the funds, that the Bank sold the Estate of Arlena Barnhart a certificate of deposit without her permission, and that Hughes has never instructed the Bank or any other party to hold the funds of the Estate of Arlena Barnhart in trust. In her reply to the Bank's motion to dismiss, the plaintiff also argues that the only two necessary parties to this action, herself as Executrix of her mother's estate and the Bank, are now before the court because the account in which the funds are being held is entitled "Estate of Arlena Barnhart," making the Estate the owner of the account. Finally, Hughes contends that, even if the court finds that Lytle Title and Skorupa are necessary parties, the defendant should move the court to join these parties.

After considering the factors set forth in Federal Rule of Civil Procedure 19(a), the court finds that Lytle Title and Skorupa are, in fact, necessary parties to this action. Regardless of the title of the account at issue, it is undisputed that the account was opened by Lytle Title, and all of the funds in the account were deposited by Lytle Title. The fact that the account is entitled "Estate of Arlena Barnhart" simply has no bearing on the ownership of the account. Therefore, the court believes that it is Lytle Title and the Bank which have a relationship with regard to that account, not the Bank and the Estate of Arlena Barnhart.[1] The funds held in the account at the Bank may ultimately belong to the Estate, however Lytle Title also has an interest in those funds

---

[1] In light of these facts, the court believes that there is some doubt as to whether Hughes, on behalf of her mother's estate, states a claim for breach of contract against the Bank given that there appears to be no contractual relationship between the Estate and the Bank. However, in light of the court's decision with regard to the defendant's current motion to dismiss, the court does not find it necessary to explore this issue further.

6

as the owner of the account and the entity responsible for the settlement of the funds following the sale of Arlena Barnhart's residence. In addition, it is undisputed that Skorupa, as the other beneficiary of Arlena Barnhart's will, has asserted an interest in the funds held by the Bank. If the court were to permit this action to proceed in the absence of Lytle Title and Skorupa as parties, their ability to protect their interests in the proceeds would be significantly diminished. The court also agrees that the defendant would be exposed to the risk of multiple obligations if this action proceeds against the Bank alone because it would remain obligated to its customer, Lytle Title, for the funds in the trust account.

The court also finds that it is not feasible to join these additional parties. Lytle Title is a Virginia limited liability company and Skorupa is, upon information and belief, a Virginia resident. The plaintiff is also a Virginia resident. Therefore, joinder of these parties is not feasible, because it would deprive the court of subject matter jurisdiction. As a result, the court must now determine whether the action may proceed against the Bank alone or whether the action should be dismissed. Fed. R. Civ. P. 19(b).

The Bank argues that all of the factors listed in Rule 19(b) favor dismissal of this case. First, the plaintiff would suffer no prejudice from the dismissal, because she could bring an action in the appropriate Virginia Circuit Court against all the necessary parties. The Bank also argues that the potential prejudice to it, Skorupa, and Lytle Title if this case proceeds would be substantial, particularly as to the Bank, since it would potentially confront multiple liability. The Bank further argues that complete relief addressing all of the claims to the disputed money is impossible without the joinder of Lytle Title and Skorupa, and that no potential protective provisions can lessen the potential prejudice. Consequently, the Bank seeks dismissal of the

7

Second Amended Complaint. Hughes responds that she would suffer prejudice if this action were dismissed because the Bank has denied her access to estate funds for over a year and has refused to provide bank statements or any accounting for those funds. The plaintiff has offered no response with regard to the other factors listed in Rule 19(b).

The court agrees that the plaintiff would have an adequate remedy in State court against all the interested parties if this action were dismissed under Rule 12(b)(7). The plaintiff has raised no argument with regard to any bar to such a suit, nor is the court aware of any barrier. Furthermore, the court cannot ascertain any reasonable means to lessen or avoid the potential prejudice to Lytle Title or Skorupa through a protective provision in the judgment or otherwise. The court is aware that the plaintiff has been attempting to access these funds and settle her mother's estate for some period of time. Nevertheless, the fact remains that multiple parties have asserted an interest in the funds in the trust account held by the Bank, and a complete resolution of this matter cannot be had without the participation of all of these parties. Therefore, the court will grant the Bank's motion to dismiss the second amended complaint for failure to join necessary parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 26th day of August, 2008.

_____
United States District Judge